IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TONYA A. FAVOT, | ) |
| Plaintiff, | ) |
| | ) NO. 3:18-cv-01274 |
| v. | ) JURY DEMAND |
| | ) |
| NISSAN NORTH AMERICA, INC. and | ) JUDGE RICHARDSON |
| JAMES ADAMS, | ) MAGISTRATE JUDGE BROWN |
| | ) |
| Defendant. | ) |

**ORDER**

A lengthy telephone call was held with the parties on September 30, 2019. A number of topics were included in the discussion starting with a Motion for a hearing to Continue the Trial and Dispositive Motion Deadline by the Defendant, Nissan (DE 69) A Motion to Continue the Trial and Dispositive Motion deadline (DE 72) filed by the Plaintiff and finally a Motion to Refer the Case for a Settlement Conference by the Plaintiff (DE 75).

During the course of the conference, Defendant's counsel advised he intended to file a Motion to Dismiss the Complaint because the Plaintiff had committed perjury during the proceedings.

The Plaintiff's Motion for a Hearing or in the alternative for the filing of declarations concerning the Plaintiff's need for maintaining the trial date is granted and the Plaintiff's alternate request for Leave to Obtain and File Declarations from doctors Webb and Yank concerning the Plaintiff's need for a prompt resolution of this matter may be obtained and filed.

This case is under a Scheduling Order (DE 64 and 65) entered July 18, 2019. This order provided discovery would be completed by September 13, 2019 and the Dispositive Motions would be filed no later than October 11, 2019. These deadlines were set by joint motions of the Parties with the intent of maintaining the February 25, 2020 trial date set by the Trial Court in DE 60. The Motion to Continue the Trial and Other Deadlines (DE 69) is denied without prejudice at this point. The Magistrate Judge sees no reason discovery should not be completed and dispositive motions filed in accordance with the current deadline. The Plaintiff has presented evidence of the need to maintain the current trial while the Defendant has presented the evidence of unavailability of co-counsel and the Defendant's primary HR witness who may well be designated as the corporate representative at the trial are pregnant and expecting child birth very close the scheduled trial date. Defendant's argument these developments require a delay in the trial date are valid arguments and apparently will require some further development given the Plaintiff's insistence of her need an early trial due to her medical condition. In order to see if there is any reasonable way to preserve the trial date, it is necessary to maintain the current discovery and dispositive motion deadline.

It would appear if a delay in the trial is necessary, any trial date would be subject to Judge Richardson's criminal docket which takes priority and other civil cases which may be substantially older than this case and would likely delay this case into June, July or later.

There was considerable discussion about the possibility of ADR and the parties indicated they would request mediation before me if one was to be held. Plaintiff has now filed such a motion. Normally, I would not conduct mediation in a case where I am also the case manager unless any matters that I would be expected to rule on had been resolved.

It also appeared from discussion with the parties a settlement would be unlikely until the Defendant obtained a ruling on their anticipated motions. Accordingly, the Motion to Set the Matter for a Settlement Conference either before myself or another Magistrate Judge is temporarily denied pending further developments.

The Magistrate Judge will express some concern the pleadings in the matter have become a bit sharp in their language, the parties are urged to keep in mind unnecessarily strong language does not assist in settlement efforts or help the Court decide motions.

Likewise, the Magistrate Judge noted a lengthy article in the Tennessean a week or so ago about this case and another article this week on the case that was just severed from this case in the Tennessean. The articles quoted extensively from the Complaint without any reference to the Defendant's Answer or the fact a Complaint only states one side of litigation and nothing in the complaint has been proven. There were no quotes by counsel representing the parties in the article. The Press, of course, has a right to quote from court pleadings. Because of the publicity to date, the parties are reminded they should keep in mind Local Rule 83.04 should there be further media attention to the case. Cases are to be tried in court not in the media.

SO, ORDERED.

/s/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge